**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:                                                              Chapter 13

**Anthony Raglan and Millicent Raglan**              Case No. 11-22935 (rdd)


                                            Debtors.
-------------------------------------------------------------------x


# LOSS-MITIGATION ORDER

☒   A Loss Mitigation Request[1] was filed by the Debtor on May 16, 2011 .

☐   A Loss Mitigation Request was filed by a Creditor on *[Date]* _____, 20 .

☐   The Court raised the possibility of Loss Mitigation, and the parties have had notice and an opportunity to object.

Upon the foregoing, it is hereby

**ORDERED**, that the following parties (collectively, the "Loss Mitigation Parties") are directed to participate in Loss Mitigation:

   1.  The Debtors

   2.  **Wells Fargo Bank Home Mortgage**, the Creditors with respect to the property located at 52 Ashland Street, New Rochelle, NY 10801; and it is further

**ORDERED**, that the Loss Mitigation Parties shall comply with the Southern District of New York Loss Mitigation Procedures; and it is further

**ORDERED**, that the Loss Mitigation Parties shall observe the following deadlines:

   1.   Within 14 days of the entry of this Order, the Party seeking Loss Mitigation will serve the Order upon the Debtor/Creditor.  Upon service of this Order, said party will file an Affidavit of Service with the Court.  This Order shall be served on the same parties as are served with the Loss Mitigation request;

---

[1] All capitalized terms have the meanings defined in the Loss Mitigation Procedures.

2. Each Loss Mitigation Party shall designate contact persons and disclose contact information by June 28, 2011, unless this information has been previously provided. As part of this obligation, **a Creditor shall furnish each Loss Mitigation Party with written notice of the name, address and direct telephone number of the person who has full settlement authority**; and it is further

3. The Loss Mitigation Period shall terminate one day after the last scheduled Status Conference, unless extended as provided in the Loss Mitigation Procedures.

**ORDERED**, that a Status Conference will be held in this case on **July 20, 2011 at 10:00 a.m.** at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601 (the "Status Conference"). The Loss Mitigation Parties shall appear at the Status Conference and provide the Court with a verbal Status Report unless a written Status Report that is satisfactory to the Court has been filed not later than 7 days prior to the date of the Status Conference and requests that the Status Conference be adjourned or cancelled; and it is further

**ORDERED**, that the Creditor shall serve upon the Debtor and Debtor's attorney a request for information using the *"Creditor Loss Mitigation Affidavit"* form within 7 days of service of the Order and file same on the Court's Electronic Case Filing System (ECF); and it is further

**ORDERED**, that the Debtor shall serve upon the Creditor a response to Creditor's request for information using the "*Debtor Loss Mitigation Affidavit*" form within 21 days of service of the Creditor Loss Mitigation Affidavit and Debtor shall file only the *Debtor Loss Mitigation Affidavit* on ECF; and it is further

**ORDERED**, that once Debtor(s) has fully complied with the document request of the Creditor and filed the Debtor Loss Mitigation Affidavit along with proof of service of same on the Court's ECF Docket, the documents so provided will be deemed timely; and it is further

**ORDERED**, that a follow-up Status Conference will be held in this case on a date to be set at the initial Status Conference. The Loss Mitigation Parties shall appear at the Status Conference and provide the Court with a verbal Status Report unless a written Status Report that is satisfactory to the Court has been filed not later than 7 days prior to the date of the Status Conference and requests that the Status Conference be adjourned or Loss Mitigation terminated. The Status Report must provide a clear and concise time line detailing the steps that the parties have taken in consideration of the loan modification and the progress that the parties have made with regard to same, including, but not limited to a statement as to whether the parties have complied with the financial document exchange provisions of this Order; and it is further

**ORDERED**, that should Debtor(s) fail to provide to the Creditor all requested documentation as required by the Creditor's initial discovery request pursuant to this Order, the Creditor may seek termination of the Loss Mitigation Period at the Follow-up Status Conference,

provided that the Creditor files a Request to Terminate Loss Mitigation 7 days prior to this Status Conference in accordance with the Loss Mitigation Procedures of this Court; and it is further

**ORDERED**, that should Creditor fail to provide to Debtor(s) a response to the Loss Mitigation Request prior to the Follow-up Status Conference pursuant to this Order, Debtor(s) may request that the Court enter an Order requiring that a representative of the Creditor that has full settlement authority appear before the Court pursuant to the Loss Mitigation Procedures of this Court, provided that Debtor(s) files a request for said appearance 14 days prior to this Status Conference; and it is further

**ORDERED**, should Creditor's representative be required to appear, the Creditor shall file a letter designating the agent appearing before the Court upon the Court's Electronic Case Filing System; and it is further

**ORDERED**, that at the Status Conference, the Court may consider a Settlement reached by the Loss Mitigation Parties, or may adjourn the Status Conference if necessary to allow for adequate notice of a request for approval of a Settlement; and it is further

**ORDERED**, that any matters that are currently pending between the Loss Mitigation Parties (such as motions or applications, and any objection, opposition or response thereto) are hereby adjourned to the date of the Status Conference to the extent those matters concern (1) relief from the automatic stay, (2) objection to the allowance of a proof of claim, (3) reduction, reclassification or avoidance of a lien, (4) valuation of a Loan or Property, or (5) objection to confirmation of a plan of reorganization; and it is further.

**ORDERED**, that the time for each Creditor that is a Loss Mitigation Party in this case to file an objection to a plan of reorganization in this case shall be extended until 14 days after the termination of the Loss Mitigation Period, including any extension of the Loss Mitigation Period.

Dated: June 8, 2011
      White Plains, New York

                                        /s/Robert D. Drain
                                        *United States Bankruptcy Judge*